UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ALLEN FOX, Jr.,

        Plaintiff,                          Case No. 1:06-cv-637

v.                                             Honorable Gordon J. Quist

MICHAEL R. SMITH et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual Allegations

Plaintiff is presently incarcerated at the Hiawatha Correctional Facility. In his *pro se* complaint, he sues former Hillsdale County Prosecuting Attorney Michael R. Smith; an unknown party named as "John Doe, aka Robert Allen Fox Jr."; unknown Hillsdale County Circuit Court personnel and Hillsdale Sheriff deputies named as "Other Does"; former Hillsdale Circuit Court Judge Harvey Mose; Michigan State Police Investigators Cliff Edwards, Curtis Robertson, and Christine Palmer; the Michigan State Police; the Hillsdale County Sheriff's Department; the Hillsdale County "Judicial System"; the County of Hillsdale; and the State of Michigan.

Plaintiff claims that Defendants conspired and worked together to fraudulently obtain a conviction against a Thomas William Sawyer by having another prisoner posing as Plaintiff testify at Sawyer's criminal trial. Plaintiff claims to have learned of the fraud in October 2003 when he was served with a complaint in which Sawyer alleged Plaintiff gave false and slanderous testimony at Sawyer's trial. Compl. ¶¶ 8-10. The suit against Plaintiff was subsequently dismissed. Compl. ¶ 11.

In Count I, Plaintiff argues that by knowingly and maliciously "procur[ing]" an actor to falsify his identity and pose as Plaintiff at Sawyer's trial, Defendants Smith, Doe, Mose, Edwards, Robertson, Palmer, and other Does violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Compl. ¶¶ 15-20. In Count II, he argues that by knowingly and/or negligently allowing an imposter to pose as Plaintiff to gain an unlawful conviction of Sawyer, Defendants Michigan State Police, Hillsdale County Sheriff's Department, Smith, and Mose negligently, and/or recklessly, and/or intentionally breached their "ministerial duties"; subjecting Plaintiff to civil suit and placing

him in danger of physical harm by Sawyer and other prisoners who would retaliate against Plaintiff for being a "lying rat working for the police and worthy of death." Compl. ¶¶ 22-26. In Count III, Plaintiff claims that the Defendants entered into a conspiracy to use Plaintiff's identity to procure a fraudulent conviction against Sawyer, in violation of 42 U.S.C. § 1985. Compl. ¶¶ 28-33. In Count IV, Plaintiff contends that Defendants Michigan State Police, Hillsdale County, and State of Michigan have developed a "pattern and practice" of allowing fraudulent testimony to be given in criminal trials, and have failed to investigate cases, properly train, and/or properly supervise their employees. Compl. ¶¶ 35-53.

For relief, Plaintiff seeks damages of at least $10,250,000 in compensatory damages, plus $25,000 for every day he was subjected to imminent danger; unspecified punitive damages; and legal expenses.

II.     Failure to State a Claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff asserts that Defendants violated his Fourth Amendment right to be secure in his persons, papers, and property; his Fifth Amendment right to remain silent; his Eighth Amendment right to be free from cruel and unusual punishment; and his Fourteenth Amendment rights of equal protection and due process.  Compl. ¶¶ 20, 52.  As an initial matter, on their face, Plaintiff's claims sound in state tort, negligence, conspiracy, and/or fraud theories.  His assertions that Defendants (1) intentionally and/or negligently procured an imposter to act as Plaintiff at a criminal trial to obtain an unlawful conviction, (2) intentionally and/or negligently "breached their ministerial duties" to enforce the law and protect citizens from identity theft, (3) intentionally and/or negligently subjected Plaintiff to a civil lawsuit and physical harm by other prisoners, and (4) entered into a civil conspiracy, are state law claims which are not  cognizable in a § 1983 action.  Section 1983 does not provide redress for a violation of a state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Furthermore, none of Plaintiff's claims rise to the level of a constitutional violation because Plaintiff does not and cannot show any constitutional deprivation. His allegation of "malicious prosecution" in violation of the Fourth Amendment fails because he was never subject to a seizure or a criminal prosecution for the events described; rather, he was sued civilly, and the suit against him was later dropped.  Compl. §§ 8-11.  Plaintiff therefore does not state a claim under the Fourth Amendment.  *See Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001).

Plaintiff's allegation that Defendants violated Plaintiff's Fifth Amendment right to remain silent is also meritless.  The Fifth Amendment protects one accused of a crime from being compelled to be a witness against himself.  *Hiibel v. Sixth Judicial Dist. Court of Nev.*, 124 S. Ct. 2451, 2460 (2004).  Here, at all relevant times, Plaintiff was already incarcerated.  He was not

charged with a new crime or subject to a criminal action, nor was he compelled to make a self-incriminating statement in a criminal proceeding. He therefore does not state a claim under the Fifth Amendment.

Plaintiff's allegation that Defendants violated his Eighth Amendment rights likewise fails to state a claim for cruel and unusual punishment. Plaintiff alleges only that Defendants placed him in "danger of harm," not that he was in fact harmed in any way; and that Defendants subjected him to a civil lawsuit that was dismissed. Compl. ¶¶ 23, 8-11. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. Plaintiff's feeling that he was in danger and the inconvenience of having to defend a civil lawsuit in which he was never held liable neither deprived him of the "minimal civilized measure of life's necessities"; nor did it inflict "wanton infliction of pain." Plaintiff therefore fails to state a claim under the Eighth Amendment.

Plaintiff also fails to state a claim for violation of his Fourteenth Amendment rights. "[P]rocedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." *Howard v. Grinage*, 82 F.3d 1343, 1349-50 (6th Cir. 1996) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). To state a procedural due process claim, a plaintiff must allege a constitutionally arbitrary deprivation. *Id.*; *Howard*, 82 F.3d at 1350 ("'[A]rbitrary in the constitutional sense' for procedural due process purposes means conduct undertaken with something more than negligence."). To state a claim based on the deprivation of procedural due process, the "conduct must be grossly negligent, deliberately indifferent, or intentional." *Howard*, 82 F.3d at 1350.

Although Plaintiff claims that Defendants' actions were intentional,[1] he recites no allegations indicating the sort of arbitrary deprivation that rises to the level of a due process violation. His allegations that Defendants conspired to cause an imposter to steal Plaintiff's identity at most state a claim for an intentional tort, and/or fraud; not a violation of due process or equal protection. As a consequence, the Plaintiff does not state a claim under the Fourteenth Amendment.

Finally, Plaintiff fails to state a claim for conspiracy under 42 U.S.C. § 1985. To maintain a cause of action for conspiracy under § 1985(3), a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of

---

[1] I note that Plaintiff also asserts certain Defendants were "negligent" and/or "grossly negligent"; however, I find that his invocation of negligence theory is wholly without factual basis, and contradicts the rest of his allegations. The gravamen of Plaintiff's complaint is that Defendants "conspired" to "fraudulently" obtain a guilty verdict by having another prisoner pose as Plaintiff at trial. These allegations require intentional acts by Defendants, with which Plaintiff's allegations of negligence are entirely incompatible.

any right or privilege of a citizen of the United States. *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994)). The plaintiff further must demonstrate that the conspiracy was motivated by a class based animus, such as race. *Johnson*, 40 F.3d at 839; *see also Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). Here, Plaintiff has not alleged or established that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause because of inherent personal characteristics. *Seguin*, 968 F.2d at 590. Accordingly, he fails to state a claim for conspiracy under § 1985.[2]

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C.

---

[2] Even if Plaintiff had stated a viable claim, several of the named Defendants are immune from suit. Under the Eleventh Amendment to the United States Constitution, Plaintiff may not maintain a § 1983 action against Defendants State of Michigan or the Michigan State Police. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979); nor has the State of Michigan consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The State of Michigan (in itself and acting through the State Police) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Under judicial and quasi-judicial immunity theory, Plaintiff may not maintain a § 1983 action against Defendants Smith, Mose, or Hillsdale County Circuit Court personnel. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). A prosecutor is also entitled to absolute immunity for his actions in prosecuting a criminal action. *Kalina v. Fletcher*, 522 U.S. 118, 127, 130 (1997); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Court personnel are immune from suit when performing tasks that are an integral part of the judicial process. *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1421 (6th Cir. 1996); *see also Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994).

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated:  November 17, 2006              /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).