UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN FOX,

        Plaintiff,

vs.

MICHAEL R. SMITH, *et al.*,

        Defendants.
                                /

Case No. 1:06-cv-637

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Hillsdale County Circuit Court's motion to dismiss pursuant (docket no. 54) and a "Notice to Plaintiff" filed by defendants Hillsdale County, the "Hillsdale County Judicial System," and the Hillsdale County Sheriff's Department (docket no. 57).[1]

**I.    Background**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws

---

[1]Although the Hillsdale County Circuit Court is not named as a defendant in this action, it received a summons and apparently takes the position that it was improperly named as the "Hillsdale County Judicial System." The court notes some confusion among counsel regarding both the identity and representation of the "Hillsdale County Judicial System." *See* discussion in § III, *infra*.

of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

In his *pro se* complaint, plaintiff sues former Hillsdale County Prosecuting Attorney Michael R. Smith; an unknown party named as "John Doe, aka Robert Allen Fox Jr."; unknown Hillsdale County Circuit Court personnel and Hillsdale Sheriff deputies named as "Other Does"; former Hillsdale Circuit Court Judge Harvey Mose; Michigan State Police Investigators Cliff Edwards, Curtis Robertson, and Christine Palmer; the Michigan State Police; the Hillsdale County Sheriff's Department; the Hillsdale County "Judicial System"; the County of Hillsdale; and the State of Michigan.

Plaintiff claims that defendants conspired and worked together to fraudulently obtain a conviction against a Thomas William Sawyer by having another prisoner posing as plaintiff testify at Sawyer's criminal trial. Plaintiff claims to have learned of the fraud in October 2003 when he was served with a complaint in which Sawyer alleged plaintiff gave false and slanderous testimony at Sawyer's trial. Compl. ¶¶ 8-10. The suit against plaintiff was subsequently dismissed. Compl. ¶ 11.

In Count I, plaintiff argues that by knowingly and maliciously "procur[ing]" an actor to falsify his identity and pose as plaintiff at Sawyer's trial, defendants Smith, Doe, Mose, Edwards, Robertson, Palmer, and other Does violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Compl. ¶¶ 15-20. In Count II, he argues that by knowingly and/or negligently allowing an imposter to pose as plaintiff to gain an unlawful conviction of Sawyer, defendants Michigan State Police, Hillsdale County Sheriff's Department, Smith, and Mose negligently, and/or recklessly, and/or intentionally breached their "ministerial duties"; subjecting plaintiff to civil suit and placing

2

him in danger of physical harm by Sawyer and other prisoners who would retaliate against plaintiff for being a "lying rat working for the police and worthy of death." Compl. ¶¶ 22-26. In Count III, plaintiff claims that the defendants entered into a conspiracy to use plaintiff's identity to procure a fraudulent conviction against Sawyer, in violation of 42 U.S.C. § 1985. Compl. ¶¶ 28-33. In Count IV, plaintiff contends that defendants Michigan State Police, Hillsdale County, and State of Michigan have developed a "pattern and practice" of allowing fraudulent testimony to be given in criminal trials, and have failed to investigate cases, properly train, and/or properly supervise their employees. Compl. ¶¶ 35-53.

The court dismissed this action for failure to state a claim. *See* docket no. 36. Plaintiff appealed the court's judgment to the Sixth Circuit Court of Appeals, which affirmed in part, vacated in part and remanded for further proceedings. *See Robert Allen Fox, Jr. v. Michael R. Smith*, No. 08-1165 (6th Cir. Sept. 19, 2008). The Sixth Circuit dismissed defendants the State of Michigan, the Michigan State Police, Judge Mose, Prosecutor Smith, and the Hillsdale County court personnel and deputies. In addition, the Sixth Circuit dismissed all of plaintiff's claims against the remaining defendants except for a Fourteenth Amendment claim, which the court characterized as "a claim for substantive due process under the state-created-danger theory," i.e., plaintiff's claim "that the defendants placed him in danger by using his name and identity as a jailhouse informant when he is a prisoner in the MDOC in violation of his equal protection and due process rights." *Robert Allen Fox, Jr.*, No. 08-1165, slip op. at 4.

## II. The Hillsdale County Circuit Court's Motion to Dismiss

### A. Legal Standard

The Hillsdale County Circuit Court seeks to dismiss plaintiff's action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Failure to state a claim under the doctrine of state-created danger

The Hillsdale County Circuit Court contends that plaintiff has failed to state a claim under the doctrine of state-created danger. This contention is without merit. The Sixth Circuit explicitly found that plaintiff's complaint stated such a cause of action:

> The state-created-danger theory is an exception to the general rule that state actors cannot be held liable for acts of violence under a substantive due process theory. *Hudson v. Hudson*, 475 F.3d 741, 745 (6th Cir. 2007). The state-created-

danger theory of substantive due process liability requires: (1) an affirmative act by the state that creates or increases the risk; (2) a special danger to the victim as distinguished from the public at large; and (3) the requisite degree of state culpability. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 464 (6th Cir. 2006). Fox alleged that the defendants procured and allowed an actor to falsify his identity, steal Fox's identity, and commit perjury to obtain Sawyer's conviction; that the defendants' actions placed him in danger of retaliation by "other prisoners that would consider this Plaintiff a LYING RAT WORKING FOR THE POLICE and worthy of death;" and that the defendants did so "negligently, grossly negligently, recklessly, knowingly, willfully, wantonly, maliciously, intentionally and/or with deliberate indifference." Construing the pro se complaint liberally, Fox state a claim for a substantive due process violation under the state-created-danger theory. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1064-67 (6th Cir. 1998).

*Robert Allen Fox, Jr.*, No. 08-1165, slip op. at 4.

The Sixth Circuit reviewed the district court's dismissal of plaintiff's complaint and explicitly held that the complaint stated a substantive due process claim against the remaining defendants (i.e., Cliff Edwards, Curtis Robertson, Christine Palmer, Hillsdale County Sheriff's Department, Hillsdale County Judicial System, and Hillsdale County). The Sixth Circuit's decision is the law of the case which this court must follow on remand. *See United States v. Mendez*, 498 F.3d 423 (6th Cir. 2007) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation," while "[t]he mandate rule requires lower courts to adhere to the commands of a superior court.") (internal citations and quotation marks omitted). Accordingly, the Hillsdale County Circuit Court is not entitled to dismissal on this ground.

### C. Failure to state a claim of municipal liability

Finally, the Hillsdale County Circuit Court seeks dismissal because it has no independent municipal liability under *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658 (1978), citing *Monell* for the proposition that "[A] municipality cannot be held liable solely

5

because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *See* docket no. 54 at p. 9. The court is puzzled by the Hillsdale County Circuit Court's contention that is a "municipality" and subject to claims under § 1983. As this court discussed in *Nicklay v. Eaton County Circuit Court*, No. 1:08-cv-211, 2008 WL 2139613 (W.D. Mich. May 20, 2008), Michigan's Circuit Courts are not part of a city or county government subject to liability under § 1983, but rather are part of the state government possessing Eleventh Amendment immunity:

> The Eaton County Circuit Court is immune from suit under Eleventh Amendment principles. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th Cir.1988). The circuit courts of the State of Michigan are clearly arms of the state and, thus immune from suit. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 459 Mich. 291, 586 N.W.2d 894, 897-98 (Mich.1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F.Supp.2d 1030, 1055 (E. D. Mich. 2004). The circuit courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 385 Mich. 710, 190 N.W.2d 219, 224 (Mich.1971). The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir.1986). The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir.2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir.2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir.1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir.2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir.2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir.2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The Eaton

6

County Circuit Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

*Nicklay*, 2008 WL 2139613 at *4.

The Hillsdale County Circuit Court, like the Eaton County Circuit Court, is part of Michigan's "one court of justice" as authorized by the state constitution:

> The judicial power of the state is vested exclusively in <u>one court of justice</u> which shall be divided into one supreme court, one court of appeals, <u>one trial court of general jurisdiction known as the circuit court</u>, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house.

MICH. CONST. art. VI, § 1 (emphasis added). Under this constitutional authority, the Michigan Legislature established the Hillsdale County Circuit Court as the trial court of general jurisdiction for Hillsdale County. *See* M.C.L. § 600.502 ("[t]he first judicial circuit consists of the [C]ounty of Hillsdale and has 1 judge"). For the reasons as set forth in *Nicklay*, *supra*, the Hillsdale County Circuit Court should be dismissed on grounds of Eleventh Amendment immunity.

### III. Notice to Plaintiff

On January 27, 2009, Attorney James L. Dyer, on behalf of defendants identified as Hillsdale County, the Hillsdale County Judicial System, and the Hillsdale County Sheriff's Department, filed a document in this action entitled "Notice to Plaintiff of Joinder in the Motion to Dismiss filed by the Hillsdale County Circuit Court" (docket no. 57). This is a confusing document. As previously discussed, the Michigan Attorney General's Office filed a motion to dismiss on behalf of the Hillsdale County Circuit Court, apparently under the belief that it was the defendant identified as the Hillsdale County Judicial System. *See* docket no. 54. After receiving the motion to dismiss, the Court's Clerk updated the docket sheet to identify the Michigan Attorney General's Office as counsel for defendant Hillsdale County Circuit Court, noting that this defendant was named as the

7

"Hillsdale County Judicial System." Shortly thereafter, Attorney Dyer entered an appearance and filed a "Notice to Plaintiff" on behalf of Hillsdale County, the Hillsdale County Sheriff's Department *and* the Hillsdale County Judicial System, concurring in the motion to dismiss filed by the Hillsdale County Circuit Court. *See* docket nos. 56, 57. In this notice, Attorney Dyer stated that the Hillsdale County Judicial System "is simply a non-existent entity," but that the claims against it "would presumably be no different than claim[s] against the Circuit Court." *Id.* Faced with these apparently conflicting filings by the attorneys, the Court's Clerk identified Attorney Dyer as counsel for Hillsdale County and the Hillsdale County Sheriff's Department.

Given the history of this litigation, the "Notice to Plaintiff" filed on behalf of the Hillsdale County Judicial System is not well taken. Nevertheless, it is unnecessary for this court to determine which attorney "speaks" for the Hillsdale County Judicial System. The court construes plaintiff's complaint as one against the Hillsdale County Circuit Court, which is the trial court of general jurisdiction in Hillsdale County. As already noted, this defendant should be dismissed on grounds of Eleventh Amendment immunity.

The "Notice to Plaintiff" is an inadequate response to the complaint on behalf of the other defendants, however, being neither a dispositive motion nor an answer. Accordingly, the "Notice to Plaintiff" should be stricken, and defendants Hillsdale County and Hillsdale County Sheriff's Department should file an answer, motion to dismiss or motion for summary judgment, pursuant to the Court's order of December 3, 2008. *See* docket no. 49.

### IV. Recommendation

For the reasons set forth above, I respectfully recommend that the motion to dismiss filed by defendant Hillsdale Circuit Court, a/k/a "Hillsdale County Judicial System" (docket no. 54) be **GRANTED**, and the action dismissed as to this defendant.

I further recommend that the "Notice to Plaintiff" (docket no. 57) be **STRICKEN** and that defendants Hillsdale County and Hillsdale County Sheriff's Department be directed to file an answer, motion to dismiss or motion for summary judgment in response to the complaint within fourteen days of the date of the Court's order, or such other time as directed by the court.


Dated: July 27, 2009  /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).