UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN FOX,

        Plaintiff,

vs.

Case No. 1:06-cv-637

Hon. Gordon J. Quist

MICHAEL R. SMITH, *et al.*,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985. This matter is now before the court on a motion for summary judgment filed by defendants Christine Palmer and Clifton Edwards (docket no. 113) and a combined "motion for dismissal or summary judgment" filed by defendants Hillsdale County Sheriff's Department and Hillsdale County (docket no. 115). Defendants' motions are unopposed.

    **I.**    **Background**

In his *pro se* complaint, plaintiff sued former Hillsdale County Prosecuting Attorney Michael R. Smith; an unknown party named as "John Doe, aka Robert Allen Fox Jr."; unknown Hillsdale County Circuit Court personnel and Hillsdale County Sheriff deputies named as "Other Does"; former Hillsdale Circuit Court Judge Harvey Mose; Michigan State Police Investigators Cliff Edwards, Curtis Robertson, and Christine Palmer; the Michigan State Police; the Hillsdale County Sheriff's Department; the Hillsdale County "Judicial System"; the County of Hillsdale; and the State of Michigan.

Plaintiff claims that defendants conspired and worked together to fraudulently obtain a conviction against a Thomas William Sawyer by having another prisoner posing as plaintiff testify at Sawyer's criminal trial. Plaintiff claims to have learned of the fraud in October 2003 when he was served with a complaint in which Sawyer alleged plaintiff gave false and slanderous testimony at Sawyer's trial. Compl. ¶¶ 8-10. Sawyer's suit against plaintiff was subsequently dismissed. Compl. ¶ 11.

In Count I, plaintiff argues that by knowingly and maliciously "procur[ing]" an actor to falsify his identity and pose as plaintiff at Sawyer's trial, defendants Smith, Doe, Mose, Edwards, Robertson, Palmer, and other Does violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. Compl. ¶¶ 15-20. In Count II, he argues that by knowingly and/or negligently allowing an imposter to pose as plaintiff to gain an unlawful conviction of Sawyer, defendants Michigan State Police, Hillsdale County Sheriff's Department, Smith, and Mose negligently, and/or recklessly, and/or intentionally breached their "ministerial duties"; subjecting plaintiff to civil suit and placing him in danger of physical harm by Sawyer and other prisoners who would retaliate against plaintiff for being a "lying rat working for the police and worthy of death." Compl. ¶¶ 22-26. In Count III, plaintiff claims that the defendants entered into a conspiracy to use plaintiff's identity to procure a fraudulent conviction against Sawyer, in violation of 42 U.S.C. § 1985. Compl. ¶¶ 28-33. In Count IV, plaintiff contends that defendants Michigan State Police, Hillsdale County, and State of Michigan have developed a "pattern and practice" of allowing fraudulent testimony to be given in criminal trials, and have failed to investigate cases, properly train, and/or properly supervise their employees. Compl. ¶¶ 35-53.

The court dismissed this action for failure to state a claim. *See* docket no. 36. Plaintiff appealed the court's judgment to the Sixth Circuit Court of Appeals, which affirmed in part, vacated in part and remanded for further proceedings. *See Fox v. Smith*, No. 08-1165 (6th Cir. Sept. 19, 2008) (docket no. 46). The Sixth Circuit construed plaintiff's allegations as follows:

> Fox alleged that the defendants procured and conspired to allow an actor to falsify his identity and pose as Fox to give false and slanderous testimony against Thomas William Sawyer at Sawyer's criminal trial in Hillsdale County Circuit Court.

*Robert Allen Fox*, No. 08-1165, slip op. at 1. The Sixth Circuit affirmed the dismissal, with the exception of a § 1983 claim based upon substantive due process:

> [T]he district court properly dismissed Fox's claims under the Fourth Amendment, the Fifth Amendment, the Eighth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and § 1985; his municipal liability claim; and his claims against the State of Michigan, Michigan State Police, [Judge] Mose, [Prosecutor] Smith and the Hillsdale County court personnel and deputies. The district court erred in dismissing Fox's claim under the Due Process Clause of the Fourteenth Amendment against the other defendants.

*Id.*, slip op. at 6. The court characterized plaintiff's remaining cause of action as "a claim for substantive due process under the state-created danger theory," i.e., plaintiff's claim "that the defendants placed him in danger by using his name and identity as a jailhouse informant when he is a prisoner in the MDOC in violation of his equal protection and due process rights." *Id.*, slip op. at 4. As the Sixth Circuit explained:

> The state-created-danger theory is an exception to the general rule that state actors cannot be held liable for acts of violence under a substantive due process theory. *Hudson v. Hudson*, 475 F.3d 741, 745 (6th Cir. 2007). The state-created-danger theory of substantive due process liability requires: (1) an affirmative act by the state that creates or increases the risk; (2) a special danger to the victim as distinguished from the public at large; and (3) the requisite degree of state culpability. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 464 (6th Cir. 2006). Fox alleged that the defendants procured and allowed an actor to falsify his identity, steal Fox's identity, and commit perjury to obtain Sawyer's conviction; that the

3

> defendants' actions placed him in danger of retaliation by "other prisoners that would consider this Plaintiff a LYING RAT WORKING FOR THE POLICE and worthy of death;" and that the defendants did so "negligently, grossly negligently, recklessly, knowingly, willfully, wantonly, maliciously, intentionally and/or with deliberate indifference." Construing the pro se complaint liberally, Fox stated a claim for a substantive due process violation under the state-created-danger theory. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1064-67 (6th Cir. 1998).

*Id.*

Plaintiff's action was remanded to this court and re-opened on October 23, 2008. The court later dismissed plaintiff's action for lack of prosecution on February 13, 2010. *See* Order (docket no. 94). Upon plainddtiff's request, the court vacated the order of dismissal and reinstated plaintiff's action on May 5, 2010. *See* Order (docket no. 100). Defendants have filed timely dispositive motions. *See* Case Management Order (docket no. 109). Plaintiff, however, has failed to respond to these motions as required by W.D. Mich. LCivR 7.2(c).

## II.     Defendants Motion to Dismiss

### A.     Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Defendants Hillsdale County Sheriff's Department and Hillsdale County seek to dismiss plaintiff's action for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Churchs Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008).

### B.     The Hillsdale County Sheriff's Department

The Hillsdale County Sheriff's Department contends that it is not an appropriate defendant in this action, because it is not a separate entity capable of being sued. The court agrees. Under Michigan law, the sheriff and the jail administrator set policies for the county jails. *See Rushing v. Wayne County*, 436 Mich. 247, 260, 462 N.W.2d 23 (1990) ("the policies of the sheriff and the jail administrator regarding the operation of the jail were attributable to the county"). In *Marchese v. Lucas*, 758 F.2d 181, 189 (6th Cir.1985), the Sixth Circuit reviewed the relationship between the sheriff and the county under Michigan law:

> The liability of [the County] rests on the failures of the Sheriff which we have previously described. It is clear that under the Michigan Constitution of 1963 Art. 7, Section 6, [the County] did not make policy for the Sheriff's Department. The

5

> Sheriff is, however, the law enforcement arm of the County and makes policy in police matters for the County. *See* Michigan Constitution 1963 Art. 7, Section 4. The County, through its Board of Supervisors, appropriates funds and establishes the budget for the Sheriff's Department. The Sheriff is elected by the voters of [the County]. No doubt he is responsible for enforcing state law and presumably federal law as well. But equally clearly he is not an official of the State of Michigan or of the federal government. He is, under the Constitution of Michigan, the law enforcement officer for [the County] with extraordinary power to select his deputies and enforce the law.
>
> We believe that the relationship between the County and the Sheriff's Department is so close as to make the County liable for the Sheriff's failure to train and discipline his officers and his ratification of the use of wanton brutality by members of his force which we have spelled out above.

*Marchese*, 758 F.2d at 188-89. Accordingly, plaintiff's claim against the Hillsdale County Sheriff's Department, which is actually a claim against Hillsdale County, should be dismissed.

### C.    Hillsdale County

Hillsdale County contends that the Sixth Circuit previously dismissed the municipal liability claim alleged against the county in Count Four of the complaint. Hillsdale County also contends that plaintiff failed to state a claim against it because the acts of the Hillsdale County Prosecutor Smith are not attributable to it and plaintiff failed to allege the violation of a county policy or custom apart from the prosecution of the case.

The Sixth Circuit addressed plaintiff's claim of municipal liability as follows:

> According to Fox, the district court failed to address his fourth count for "civil liability of organized municipal corporation," in which he alleged that the Michigan State Police, Hillsdale County, and the State of Michigan "have established a pattern, practice and-or custom of deliberate indifference and acquiescence to the known harm caused in the past by [their] officers in their employment . . . and by their deliberate refusal or failure to properly investigate said complaints and-or train its officers." To state a municipal liability claim under such an "inaction" theory, Fox must allege: (1) the existence of a clear and persistent pattern of illegal activity; (2) notice or constructive notice on the part of the defendants; (3) the defendant's tacit approval of the unconstitutional conduct, such that its deliberate indifference in its failure to act can be said to amount to an official

>
> policy of inaction; and (4) that the defendant's custom was the "moving force" or direct causal link in the constitutional deprivation. *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 508 (6th Cir. 1996). Fox failed to state a claim for municipal liability by failing to allege a pattern of identity theft, alleging only the use of his own name and identity. *See Doe v. Magoffin County Fiscal Ct.*, 174 F. App'x 962, 969 (6th Cir. 2006).

*Fox*, No. 08-1165, slip op. at 5. While the Sixth Circuit found that plaintiff failed to state a cause of action for municipal liability arising from an "inaction" theory, and also dismissed defendants State of Michigan, Michigan State Police, Judge Mose, Hillsdale County Prosecutor Smith, and the Hillsdale County court personnel and deputies, the appellate court did not dismiss plaintiff's substantive due process claim alleged "against the other defendants," i.e., "John Doe aka Robert Allen Fox Jr.," Michigan State Police Investigators Cliff Edwards, Curtis Robertson, and Christine Palmer, and Hillsdale County. *Fox*, No. 08-1165, slip op. at pp. 1, 6.

The Sixth Circuit issued its mandate on October 21, 2008. *Id.* (Mandate) (docket no. 48). The effect of the mandate, issued under Fed. R. App. P. 41, is to bring the proceedings in a case on appeal to a close, remove it from the jurisdiction of the federal appeals court, and return it to the forum whence it came. *Ostrer v. United States*, 584 F.2d 594, 598 (2nd Cir. 1978). "[A]n inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Briggs v. Pennsylvania Railroad Company*, 334 U.S. 304, 306 (1948). "The basic tenet of the mandate rule is that a district court is bound to the scope of the remand issued by the court of appeals." *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999). "In essence, the mandate rule is a specific application of the law-of-the-case doctrine." *Id.* Under 28 U.S.C. § 2106, federal courts of appeal have broad discretion to issue general or limited remands. *Id.*[1] "Limited remands explicitly outline

---

[1] Title 28 U.S.C. § 2106 provides that, "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment,

7

the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *Id. See generally, Saqr v. Holder*, 580 F.3d 414, 420 (6th Cir. 2009) ("where a court has considered the merits and remanded on certain issues, an agency or lower court is not permitted to review anew those issues already addressed by the reviewing court if they are not part of the remand because issues addressed on the merits and not within the scope of remand become the law of the case"). In this case, the remand limited the issues to be addressed by this court to plaintiff's § 1983 claim for a substantive due process violation under the state-created-danger theory against defendants "John Doe aka Robert Allen Fox Jr.," Michigan State Police Investigators Cliff Edwards, Curtis Robertson, and Christine Palmer, and Hillsdale County. Based on this record, this court is bound to accept the Sixth Circuit's determination that plaintiff's substantive due process claim against Hillsdale County survived. Accordingly, Hillsdale County's motion to dismiss on the ground that the Sixth Circuit had already dismissed plaintiff's claims against the county should be denied.[2]

---

decree, or order, or require such further proceedings to be had as may be just under the circumstances."

[2] Hillsdale County correctly points out that under Michigan law, a county prosecutor acts as an agent of the state when making decisions related to the issuance of state criminal charges and when prosecuting individuals for violations of state law. *Cady v. Arenac County*, 574 F.3d 334, 345 (6th Cir. 2009). Thus, when an individual files a § 1983 civil rights action against a county for injuries arising from the prosecution of that individual under state criminal charges, that individual must allege that a county policy or custom, other than the criminal prosecution, violated his rights. Plaintiff has not alleged that he was prosecuted under state criminal charges or that any such county policy or custom existed. Furthermore, plaintiff has no claim against the county arising from Prosecutor Smith's activities, because the Sixth Circuit found that Smith had absolute immunity, having engaged in activities "intimately associated with the judicial phase of the criminal process." *Id.*, slip op. at pp. 5-6 (quoting *United States v. Pachtman*, 424 U.S. 409, 430 (1976)).

### III. Motions for summary judgment

### A. Legal Standard

Defendants Christine Palmer, Clifton Edwards and Hillsdale County seek summary judgment with respect to plaintiff's remaining claim that they violated his substantive due process rights under a theory of a state created danger. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is

not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Defendants' motions for summary judgment are unopposed. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2nd Cir. 1996). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 405 (6th Cir. 1992).

### B. Discussion

At his deposition, plaintiff testified that the sole basis for his state created danger claim was that defendants presented someone posing as him to testify at Sawyer's criminal trial in 1992, *People v. Sawyer*, Hillsdale Co. Cir. Ct. No. 15-6508. Fox Dep. at pp. 21-22, 71-72 (docket no. 114-1). When asked to explain his state-created danger claim, plaintiff stated:

> Well, I was unaware of the fact that my name was used as a snitch against Mr. Sawyer for over five years. I could have wound up in the same prison with a man that I sent to prison for the rest of his natural born life, and without knowledge of that, if I would have happened to show up on that same prison, yeah, he had words out and stuff to get me off the yard, and I would do the same thing to him. If he were to lie about me at my trial and send me to prison for the rest of my life, I am already doing life, so why not kill him, because one more life means nothing to me because I am already in until I die. And if a man sent me to prison because he showed up at my trial and lied against me, yes, I would kill him if I run into him in prison, and for five years I did not know nothing about it.

Fox Dep. at pp. 71-72. For these reasons, plaintiff asserted that defendants "put me in a position of danger." *Id.* at p. 72. While plaintiff asserts that defendants placed him in a position of danger, there is no evidence that plaintiff suffered any consequences from the defendants' alleged actions. Plaintiff admitted at his deposition that he never had a confrontation with Sawyer or any of "his buddies" and suffered no injuries during his incarceration. *Id.* at pp. 72-73.

As defined by the Sixth Circuit in the order of remand, plaintiff's sole claim before this court is "<u>that the defendants procured and conspired to allow an actor to falsify his identity and pose as Fox to give false and slanderous testimony against Thomas William Sawyer at Sawyer's criminal trial in Hillsdale County Circuit Court</u>.*" Robert Allen Fox*, No. 08-1165, slip op. at 1. Plaintiff claims that he learned about defendants' scheme in 2003 (approximately 11 years after Sawyer's trial), when Sawyer sued plaintiff for giving false testimony at his (Sawyer's) trial. Fox Dep. at pp. 20-23. Plaintiff's claim fails because there is not a scintilla of evidence before the court that a witness named "Robert Allen Fox," "Robert A. Fox," "Robert Fox," or a witness bearing the surname "Fox," testified at Thomas Sawyer's trial in 1992. None of these names appear on the prosecutor's amended felony information (listing 29 witnesses), the prosecutor's list of alibi rebuttal witnesses, the list of witnesses testifying at the Sawyer's preliminary examination, or the witnesses testifying at Sawyer's trial. *See* Amended Felony Information (March 18, 1992) (docket no. 114-4); Plaintiff's Alibi Rebuttal Witnesses (April 4, 1992) (docket no. 114-3); Preliminary examination (Dec. 12, 1991) (table of contents) (docket no. 114-2); Trial Trans. Vols. I through IV (Table of contents) (April 7, 1992) (docket no. 114-5). The only evidence connecting plaintiff to Sawyer is found in a rambling letter from Sawyer to defendnat Clifton Edwards, dated April 4, 1993, which

11

makes brief references to statements by "Fox" made in August 1992 (approximately four months *after* Sawyer's trial). *See* Sawyer letter (April 4, 1993) (docket no. 114-16 at pp. 10-11).

Viewing the evidence in the light most favorable to plaintiff, while there is evidence that Sawyer believed that plaintiff made statements to authorities against his (Sawyer's) interest after the trial, there is no evidence to support plaintiff's allegation that defendants procured an actor to pose as plaintiff, and that this actor gave "false and slanderous testimony" at Sawyer's criminal trial. Plaintiff's claims are meritless, and defendants are entitled to summary judgment.

### 2. Unserved defendants

The record reflects that two defendants have not been served in this action, i.e., the unknown "John Doe" who allegedly testified at trial as Robert Allen Fox, Jr., and Michigan State Police investigator Curtis Robertson. Even though plaintiff has been paroled since at least January 2010 (*see* docket no. 93), there is no evidence that plaintiff made any attempt to locate either defendant.

Because plaintiff never forwarded the identity of the "John Doe" who allegedly posed as him at Sawyer's trial, this court has never issued a summons directed at this defendant. There is no evidence that this "John Doe" person testified at Sawyer's trial, or, for that matter, that this "John Doe" even exists. The court attempted to serve Robertson in 2009, but the summons was returned as unexecuted because Robertson had retired from the Michigan State Police in 2007 and was currently serving in the armed forces overseas. *See* Unexecuted Summons (docket no. 62). The court issued an order to show cause as to why "John Doe" and Curtis Robertson should not be dismissed for lack of prosecution. *See* Order to Show Cause (docket no. 101). Plaintiff's response to the show cause order did not articulate any reason for failing to serve Robertson, asking only for

12

alternate service of defendants. *See* Plaintiff's Response (docket no. 102). Under these circumstances, plaintiff has failed to show good cause why his claims against these two defendants should not be dismissed. For this reason, the court should dismiss both defendants without prejudice for lack of prosecution.

In the alternative, the court should enter summary judgment in favor of these two unserved defendants. Because there is no evidence that the alleged scheme occurred, it would be both a futile gesture and an uneconomical use of judicial resources to conduct further proceedings against these two defendants. "Summary judgment may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues." *Moore v. Thomas*, 653 F.Supp.2d 984, 1003 (N.D. Cal. 2009). "[N]o principle forbids a court to notice that [] a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir.1994). *See Laubach v. Scibana*, No. CIV-05-1294-F, 2008 WL 281545 at *12 (W.D. Okla. Jan. 31, 2008) (meritorious affirmative defenses asserted by defendants were "equally applicable to the claims against the unresponsive and unserved defendants" and formed the basis to dismiss the unserved defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Blake v. McCormick*, No. 5:06-cv-273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007) (a successful affirmative defense of lack of exhaustion raised by defendants served in a prisoner civil rights case "inures to the benefit of any unserved or defaulting defendants"); *Day v. Office of Cook County Sheriff*, No. 2000 C 2529, 2001 WL 561362 at *3 (N.D. Ill. May 21, 2001) (defendant's meritorious defense of qualified immunity applied to other "yet-unserved defendants" who could raise the same defense). *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[s]everal

courts have held that where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant'") ( quoting *United States v. Peerless Insurance Company*, 374 F.2d 942, 945 (4th Cir. 1967). Here, there is no evidence of that the alleged conspiracy existed or that defendants obtained trial testimony from a "John Doe" posing as plaintiff. This defense inures to the benefit of the unserved defendants, who are alleged to have taken part in the same incident. Accordingly, the court should grant summary judgment in favor of Curtis Robertson and the unserved "Doe" defendant.

### IV.     Recommendation

For the reasons set forth above, I respectfully recommend that the motion for summary judgment filed by defendants Christine Palmer and Clifton Edwards (docket no. 113) be **GRANTED**.

I further recommend that the motion to dismiss filed by defendants Hillsdale County Sheriff's Department and Hillsdale County (docket no. 115) be **GRANTED** as to the Hillsdale County Sheriff's Department and **DENIED** as to Hillsdale County. I further recommend that the motion for summary judgment filed by defendants Hillsdale County Sheriff's Department and Hillsdale County (docket no. 115) be **GRANTED.**

I further recommend that the unserved defendants' "John Doe" and Curtis Robertson be **DISMISSED** without prejudice for plaintiff's failure to prosecute. In the alternative, I recommend that the unserved defendants' "John Doe" and Curtis Robertson be **GRANTED** summary judgment on the grounds asserted by the other defendants.

I further recommend that this action be **DISMISSED**.


Dated:  October 4, 2011                               /s/ Hugh W. Brenneman, Jr.
                                                     HUGH W. BRENNEMAN, JR.
                                                     United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).